KETHLEDGE, Circuit Judge.
Patricia Speck appeals the district court’s grant of summary judgment in favor of the City of Memphis on Speck’s claims of age discrimination. We affirm.
I.
Speck worked as Coordinator of Nursing Services at the Memphis Sexual Assault Resource Center (MSARC) starting in 1989. She alleges that her managers accused her of violating city policy, unfairly criticized her work performance, failed to intervene in co-worker harassment, and otherwise interfered with her ability to work. Speck says that she complained about this treatment but that the situation never improved.
The conflict escalated when, in July 2004, Speck took leave from work under the Family and Medical Leave Act (FMLA) due to a heart condition that she says was caused by the incidents at work. Initially Speck’s doctor restricted her to two days per week of work for three to four months. Speck continued to work more than 16 hours per week, however, because MSARC manager Julie Coffey told Speck “there will be a consequence” if she failed to ensure that all open nurs *624 ing shifts were covered. During this time Speck also requested vacation time to attend an International Association of Forensic Nurses (IAFN) conference in Chicago at which, as President of the association, she had a number of duties. Coffey denied the request. Apparently another nurse, Rachel Copeland — who was under 40 years old — was allowed to travel to an IAFN conference, although the record is unclear whether this was the same conference or a later one. Unlike Speck, however, Copeland was not on medical leave when she made her request to attend the conference.
Speck says her heart condition then worsened, which she attributes to the stress these management actions caused. Although Speck was scheduled to return to full duty in October 2004, her doctor instead designated her as unable to work at all and placed her on continuous FMLA leave. Accordingly, Speck did not return to work. While on full medical leave, Speck traveled to the Chicago IAFN conference — the same conference for which the City had denied Speck’s vacation-time request. City policy required employees on medical leave to inform their supervisors of their “convalescent location” — defined as “the employee’s residence or other location approved by the employee’s designated supervisor.” The City found that Speck had violated that policy because she did not obtain advance permission to change her convalescent location and travel to Chicago.
On May 23, 2005, Speck informed a supervisor, Michael Gray, that she would travel again for a wedding and another nursing conference. Gray told Speck that prior approval was necessary and that he would deny any such request. He also warned her that the City might terminate her if she violated the sick-leave policy again. Speck resigned two days later.
After Speck’s resignation, the City temporarily hired Copeland to fill her position. Speck says that she did not believe her treatment was age-related until she found out that Copeland had replaced her.
Speck filed a discrimination charge with the EEOC, which issued a right-to-sue letter. Speck later filed this suit, alleging that the City had subjected her to a hostile-work environment, forced her to resign, and retaliated against her for complaining about her supervisors’ conduct, all in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 et seq. The City moved for summary judgment on her claims, which the district court granted. This appeal followed.
II.
We review de novo a district court’s grant of summary judgment, viewing the evidence in the light most favorable to the nonmoving party. Upshaw v. Ford Motor Co., 576 F.3d 576, 584 (6th Cir.2009). Summary judgment is appropriate when “the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.” Fed.R.Civ.P. 56(c).
To assert a claim of age discrimination under the ADEA, a plaintiff must produce evidence that the employer’s actions were because of age. See 29 U.S.C. § 623(a)(1). To assert a retaliation claim, a plaintiff must also show that she complained about age-based discrimination. See 29 U.S.C. § 623(d). Although for each claim the district eourt focused its inquiry on Speck’s prima facie case, we may affirm on any ground supported in the record. See Ley v. Visteon Corp., 543 F.3d 801, 805-06 (6th Cir.2008).
*625 Speck first claims that the City constructively discharged her by creating intolerable working conditions. Because Speck offers only circumstantial evidence to support this claim, we apply the framework laid out in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 86 L.Ed.2d 668 (1973). See Geiger v. Tower Automotive, 579 F.3d 614, 622 (6th Cir. 2009). Under that framework, if the plaintiff establishes a prima facie case of discrimination, the burden shifts to the defendant to produce a legitimate, non-discriminatory explanation for its decision. McDonnell Douglas, 411 U.S. at 802-05, 93 S.Ct. 1817. If the defendant produces such an explanation, the plaintiff then has the burden to show that the explanation is a pretext. Id. To establish pretext, a plaintiff must show the stated reason (a) had no basis in fact, (b) was not the actual reason, or (c) was insufficient to explain the employer’s actions. Corrigan v. United States Steel Corp., 478 F.3d 718, 728 (6th Cir.2007). Essentially, the plaintiff must show that the employer’s “ ‘business decision’ was so lacking in merit as to call into question its genuineness.” Hartsel v. Keys, 87 F.3d 795, 800 (6th Cir.1996) (quoting Dister v. Cont’l Group, Inc., 859 F.2d 1108, 1116 (2d Cir.1988)).
We need not decide whether Speck made out a prima facie case because she has not, in any event, produced evidence that the City’s reasons for its actions were pretextual. The only adverse action taken by the City within the 300-day EEOC filing period — and thus the only one we may consider for this claim— was its May 23, 2005 denial of Speck’s travel request. See Nat’l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 115, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002) (“[Discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges”); Amini v. Oberlin College, 259 F.3d 493, 498 (6th Cir.2001) (holding that in a state with its own employment-discrimination laws, like Tennessee, a plaintiff must file a complaint with the EEOC within 300 days of an alleged discriminatory act). The City explained that it denied the travel request based on its policy that she remain at her convalescent location unless granted prior permission to travel. Speck has not produced evidence to show that this reason was pretextual. That a younger worker was hired after Speck resigned is not alone sufficient to show that applying city policy was not the actual reason for denying the request. See Chappell v. GTE Products Corp., 803 F.2d 261, 267 (6th Cir.1986). Nor does the fact that the City allowed Copeland, but not Speck, to travel to an IAFN conference show pretext. Speck and Copeland were not similarly situated in at least one key respect: Speck was on sick leave, while Copeland was not. Cf. Ercegovich v. Goodyear Tire & Rubber Co., 154 F.3d 344, 352 (6th Cir. 1998) (holding that a plaintiff making a prima facie discrimination case must show she was similarly situated in all relevant aspects).
Although Speck cites no legal authority on the statute-of-limitations issue, her arguments rely on a number of incidents dating back to 2002, not just those within the 300-day limitation period. Speck therefore implies that we should analogize a constructive-discharge claim to a hostile work-environment one, where the pattern of harassment constitutes a single act for filing-deadline purposes. Cf. Morgan, 536 U.S. at 110, 122 S.Ct. 2061. We need not decide this question either, because considering even Speck’s full history with the City, the record lacks evidence of pretext. For each action the City took, it cited a city policy or a facially legitimate business reason. And for each incident, Speck has not produced evidence creating a genuine issue as to whether the reasons the City *626 proffered were pretextual. See Corrigan, 478 F.3d at 728.
We should add that much of the City’s conduct towards Speck appears regrettable. Based on Speck’s side of the story, at least, her managers appear to have been rather harsh in their enforcement of the City’s policies. But the statute proscribes age discrimination, not harsh enforcement of policies that themselves do not discriminate based on age. Speck lacks evidence of the former. Her claim therefore fails.
Speck next claims that her supervisors’ actions created a hostile work environment for her. For purposes of hostile work-environment claims, repeated harassment constitutes a single act of discrimination. Morgan, 536 U.S. at 115-18, 122 S.Ct. 2061. A court may therefore consider all related acts so long as one incident falls within the 300-day filing period. Id. But this claim too requires a plaintiff to show that the harassment was “based on age[.]” Crawford v. Medina Gen. Hosp., 96 F.3d 830, 834 (6th Cir.1996). Speck does not have evidence creating a genuine issue that she was harassed based upon her age.
Finally, Speck presents a retaliation claim. She alleges that, in retaliation for her complaints about her treatment, her supervisors created conditions that forced her to resign. But a plaintiff claiming retaliation must show, among other things, that she engaged in activity protected under anti-discrimination law. Fox v. Eagle Distrib. Co., 510 F.3d 587, 591 (6th Cir.2007) (“In order to receive protection under the ADEA, a plaintiffs expression of opposition must concern a violation of the ADEA”). Thus, Speck “must have referenced alleged acts of age discrimination ” by the City to maintain her retaliation claim. See id. (emphasis added). Speck produced no evidence that she ever mentioned age discrimination in any of her complaints before resigning. She complained about being targeted for unfair treatment, but not about being targeted because of her age. This claim therefore fails as well.
The judgment of the district court is affirmed.